UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

MARK ROCKOWER,
an Individual,

      Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **MARK ROCKOWER** ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, **PUBLIX SUPER MARKETS, INC.** ("Defendant"), and states as follows:

1.     Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") seeking recovery for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff is an adult individual.

3.     Defendant is a Florida Profit Corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

4. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

5. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 2000gg and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

6. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

7. Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled"

employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

11.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

12.     Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

13.     On or around June 16, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

14.     More than 180 days have passed since the filing of the Charge of Discrimination.

15.     On or around December 22, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

16.     On or around January 5, 2026, the FCHR issued a Notice of State's Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within one year of his receipt of the same.

17.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

18.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

19.     Plaintiff worked for Defendant, most recently as a Parts Associate at a Distribution Center in Deerfield Beach, Florida, from April 29, 1995, until his termination on December 5, 2024.

20.     During his tenure with Defendant, Plaintiff was reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

21.     Unfortunately, in 2024, Plaintiff was subjected to consistent abuse and harassment by one of his Defendant Supervisors, Dustin Betsill ("Mr. Betsill").

22.     By March of 2024, Plaintiff suffered flareups and episodes of disabilities and serious health conditions, specifically acute stress and anxiety.

23.     In March 2024, Plaintiff applied, and was approved for, intermittent FMLA leave in order to attend medical appointments and in order to otherwise treat and address his disabilities and serious health conditions.

24.     Plaintiff provided Defendant supplemental medical certification of his disabilities and serious health conditions in August of 2024, and in September of 2024, recommending the reasonable, non-burdensome accommodation of occasional absences to attend medical appointments and to treat and address flareups of his conditions.

25.     Notwithstanding this, Defendant ramped up its campaign of discrimination.

26.     Mr. Betsill assigned a three- person project to Plaintiff, alone, on top of his regular job duties, and menaced Plaintiff with the threat of termination if Plaintiff did not accomplish this impossible task.

27.     This exacerbated the flareups of Plaintiff's disabilities and serious health conditions.

28. On December 5, 2024, Mr. Betsill informed Plaintiff that Defendant had decided to terminate his employment, effective immediately.

29. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

30. It is clear that Defendant discriminated against Plaintiff based on his disabilities, and retaliated against Plaintiff for suffering disabilities, for requesting reasonable accommodation for same, for suffering serious health conditions, and for requiring FMLA leave in order to treat and address the conditions.

31. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pure pretext.

32. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing his serious health condition and for taking protected FMLA leave.

33. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

34. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

35. The timing of Plaintiff's disclosure of his serious health condition and his use of protected FMLA leave and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

36. Defendant failed to engage in the interactive process with Plaintiff to find non-burdensome reasonable accommodations.

37. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

38. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and request for accommodation under the ADA/FCRA.

39. Plaintiff was treated disparately from other employees who were not disabled.

40. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

41. The timing of Plaintiff's termination makes the causal connection between his use of reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

42. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

43. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

44. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

45. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6 through 9, 19 through 24, 26 through 32, 34 through 35, and 43 through 45, above.

47. At all times relevant hereto, Plaintiff was protected by the FMLA.

48. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

49. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging him use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after his return from FMLA leave.

50. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

51. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6 through 9, 19 through 24, 26 through 35, and 43 through 45, above.

53. At all times relevant hereto, Plaintiff was protected by the FMLA.

54. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

55. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

56.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his serious health condition and his use or attempted use of leave pursuant to the FMLA.

57.     As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

58.     As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III: DISABILITY DISCRIMINATION UNDER THE ADA
### FAILURE TO ACCOMMODATE DISCRIMINATION

59.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 7, 10, 12 through 15, 17 through 22, 24 through 31, 36 through 38, and 40 through 45, above.

60.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

61.     The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

62.     Defendant failed to provide reasonable accommodations to Plaintiff, and failed to engage in the interactive process with Plaintiff.

63.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

64.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

65.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV: DISABILITY DISCRIMINATION UNDER THE FCRA
### FAILURE TO ACCOMMODATE DISCRIMINATION

68.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 7, 10, 12 through 14, 16 through 22, 24 through 31, 36 through 38, and 40 through 45, above.

69.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

70.     The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

71.     Defendant failed to provide reasonable accommodations to Plaintiff, and failed to engage in the interactive process with Plaintiff.

72.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

75.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V: DISABILITY DISCRIMINATION UNDER THE ADA
### DISPARATE TREATMENT DISCRIMINATION

76.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 7, 10, 12 through 15, 17 through 22, 24 through 31, 37 through 40, and 43 through 45, above.

77.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

78.     The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

79.     Plaintiff was treated disparately from other, non-disabled employees.

80.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

81.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

82.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

83.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

84.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI: DISABILITY DISCRIMINATION UNDER THE FCRA
### FAILURE TO ACCOMMODATE DISCRIMINATION

85.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 7, 10, 12 through 14, 16 through 22, 24 through 31, 37 through 40, and 43 through 45, above.

86.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

87.     The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

88.     Plaintiff was treated disparately from other, non-disabled employees.

89.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

90.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

91.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

92.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII: RETALIATION UNDER THE ADA BASED ON DISABILITY

93.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 7, 11 through 15, 17 through 22, 24 through 31, and 36 through 45, above.

94.     Plaintiff was terminated within close temporal proximity of his request for/utilization of reasonable accommodation.

95.     Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

96.     Plaintiff was terminated as a direct result of his request for reasonable accommodation.

97.     Plaintiff's protected activity, and his termination, are causally related.

98.     Defendant's stated reasons for Plaintiff's termination are a pretext.

99.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

101.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

102.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VIII: RETALIATION UNDER THE FCRA BASED ON DISABILITY

103. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 7, 11 through 14, 16 through 22, 24 through 31, and 36 through 45, above.

104. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodation.

105. Plaintiff's request for reasonable accommodation constituted protected activity under the FCRA.

106. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

107. Plaintiff's protected activity, and his termination, are causally related.

108. Defendant's stated reasons for Plaintiff's termination are a pretext.

109. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

110. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

111.    Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

112.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 18th day of March, 2026.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*